# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

INSTITUTE FOR ENERGY RESEARCH     )
1155 15th Street, NW     )
Suite 900     )
Washington, D.C. 20005     )
     )
         Plaintiff,     )
     v.     )     Case No. 1:23-cv-172
     )
UNITED STATES DEPARTMENT OF     )
THE TREASURY     )
1500 Pennsylvania Avenue, NW     )
Washington, D.C. 20220     )
     )
         and     )
     )
INTERNAL REVENUE SERVICE     )
1111 Constitution Ave., NW     )
Washington, D.C. 20224     )
     )
         Defendants.     )

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff INSTITUTE FOR ENERGY RESEARCH ("IER") for its complaint against Defendants

UNITED STATES DEPARTMENT OF THE TREASURY ("Treasury") and UNITED STATES

INTERNAL REVENUE SERVICE ("IRS"), alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*
   for declaratory, injunctive, and other relief, seeking immediate processing and release of
   agency records responsive to three FOIA requests seeking certain described electronic
   communications sent or received by named IRS officials with named outside
   correspondents and/or specified email domains of outside organizations, and involving
   named outside organizations.

2. This suit follows IRS's failure to comply with the express terms of FOIA, including but not limited to its failure to produce responsive information and to fulfill its obligation to make "determinations" as that term is defined in *Citizens for Responsible Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 816 (D.C. Cir. 2013).

## PARTIES

3. Plaintiff IER is a non-profit public policy institute organized under the laws of Texas. It has an office in the District of Columbia, and is recognized under section 501(c)3 of the tax code, with research, publication and other media functions, as well as a transparency initiative seeking public records relating to environmental and energy policy and how policymakers use public resources. All of the aforementioned missions include broad dissemination of public information obtained under open records and freedom of information laws.

4. Defendant United States Internal Revenue Service ("IRS") is within and a part of the U.S. Department of the Treasury. It is an agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). The IRS has possession, custody, and control of records responsive to Plaintiff's FOIA request. Its headquarters is located in the District of Columbia.

5. Defendant United States Department of the Treasury is an agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). Treasury has possession, custody, and control of records responsive to Plaintiff's FOIA request because the Internal Revenue Service is a subordinate part of the Department of the Treasury. Treasury's headquarters is located in the District of Columbia. This suit seeks relief against Treasury only for acts and omissions of IRS.

## JURISDICTION AND VENUE

6.  This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because the defendants are federal agencies and this case is filed in the District of Columbia.

7.  Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because the Defendants are federal agencies operating in the District of Columbia, because records are likely held or processed in the District of Columbia, and because this suit is filed in the District of Columbia.

8.  IER is not required to further pursue administrative remedies before seeking relief in this Court because the Defendants have failed to make timely "determinations" as that term is defined in *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013) in response to the requests.

9.  IER has no obligation to further exhaust administrative remedies with respect to its FOIA request. See, e.g., *Citizens for Responsibility & Ethics in Wash. v. U.S. Dept. of Justice*, 436 F. Supp. 3d 354, 359 (D.D.C. 2020) (citing various other cases and holding that the statutory text of FOIA relieves plaintiffs of any exhaustion requirement in similar circumstances).

## INSTITUTE FOR ENERGY RESEARCH'S DECEMBER 2, 2022 FOIA REQUESTS

10. On December 2, 2022, Plaintiff IER submitted by FOIA.gov portal three distinct requests to Defendant IRS seeking copies of certain described email and non-email electronic correspondence sent to or IRS officials working in policy-related positions.

11. The described correspondence was with email domains of certain congressional staff and certain Washington, D.C., industry lobby groups, or which included these lobby groups names and/or acronyms.

12. IER requested waiver or reduction of its fees on alternative bases of the public interest and its status as a media outlet.

13. The portal assigned the request numbers 505206, 505216 and 505226.

14. Defendants acknowledged the requests further by individual letters assigning them Case Numbers 2023-3869, 2023-3868, and 2023-3870, respectively.

15. Defendant IRS took its statutory extension of time to respond to each of these requests, until January 18, 2023, citing a need to search for and, to the extent that records exist, collect requested records from other locations.

16. Defendants have not, before or since, informed IER of basic information pertaining to any of these requests, such as, e.g., the approximate number of potentially responsive records IRS was processing or expected to process, exemptions it might assert under FOIA, or other indicia that it was in fact processing any of these requests.

17. Defendant IRS also has not before or since provided a "determination" with respect to IER's requests in the alternative for fee reduction or waiver.

18. Defendant has not otherwise responded to any of the requests.

19. The FOIA provides that a requesting party is entitled to a substantive agency response to its appeal withing twenty working days of receipt, including a determination of whether the agency intends to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i).

20. Under the precedent of this Circuit, within the aforementioned statutory deadline, "a 'determination' under Section 552(a)(6)(A)(i) must be more than just an initial statement that the agency will generally comply with a FOIA request and will produce non-exempt documents and claim exemptions in the future. Rather, in order to make a 'determination' and thereby trigger the administrative exhaustion requirement, the agency must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any

documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse." *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013).

21. 5 U.S.C. § 552(a)(6)(A) prescribes that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, 5 U.S.C. § 552(a)(6)(A)(ii)(I), and agencies may also toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. 5 U.S.C. § 52(a)(6)(A)(ii) (II). In either case, the agency's receipt of the requester's response to the request for information or clarification ends the tolling period.

22. Neither scenario applies to any of the requests in the instant matter.

23. In *Bensman v. National Park Service*, 806 F. Supp. 2d 31 (D.D.C. 2011) the Court noted: "[The effect of] the 2007 Amendments was to impose consequences on agencies that do not act in good faith or otherwise fail to comport with any of FOIA's deadline requirements… To underscore Congress's belief in the importance of the statutory time limit, the 2007 Amendments declare that '[a]n agency shall not assess search fees… if the agency fails to comply with *any time limit*' of FOIA" (*emphasis* added).

24. Defendants are now past their statutory period for issuing such determinations on the above-described requests without providing any substantive response to Plaintiff's requests. Among the consequences of Defendants' violations of the statutory time limits of FOIA, is that Defendants cannot now seek fees.

25. Defendant IRS has yet to produce responsive records.

26. Defendant IRS has thereby failed to provide timely access to agency records in violation of FOIA or make any of the required determinations.

### **FIRST CLAIM FOR RELIEF**
### **Duty to Produce Records – Declaratory Judgment**

27. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

28. Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business.

29. Plaintiff has a statutory right to the information it seeks, and Defendants have unlawfully withheld the information.

30. Plaintiff is not required to further pursue administrative remedies.

31. Plaintiff cannot be compelled to pay FOIA fees because Defendants failed to timely make a determination with reference to Plaintiff's FOIA requests and its requests for waiver of fees.

32. Plaintiff is not required to pay any fees for production of the records it seeks, either because it is entitled to a fee waiver or because Defendants have forfeited their ability to assess fees as a result of their noncompliance with FOIA deadlines.

33. Plaintiff asks this Court to enter a judgment declaring that:

    a. Plaintiff is entitled to records responsive to its FOIA requests described above, and any attachments thereto, but Defendants have failed to provide the records;

    b. IRS's processing of Plaintiff's FOIA requests described above is not in accordance with the law, and does not satisfy IRS's obligations under FOIA;

    c. IRS must now produce records responsive to Plaintiff's requests, and must do so without cost to the Plaintiff.

## SECOND CLAIM FOR RELIEF
### Duty to Produce Records – Injunctive Relief

34. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

35. Plaintiff is entitled to injunctive relief compelling Defendant to produce the records responsive to the FOIA requests described herein.

36. Plaintiff is entitled to injunctive relief compelling Defendants to grant the Plaintiff's requests for a fee waiver. Alternatively, Plaintiff is entitled to an injunction, declaration, or other appropriate order prohibiting Defendants from assessing fees due to their noncompliance with FOIA deadlines.

37. Plaintiff asks the Court to enter an injunction ordering Defendants to produce to Plaintiff, within 20 business days of the date of the order, the requested records sought in Plaintiff's FOIA requests described above, and any attachments thereto, at no cost to the Plaintiff.

38. Plaintiff asks the Court to order the Parties to consult regarding withheld documents and to file a status report to the Court within 30 days after Plaintiff receives the last of the produced documents, addressing Defendants' preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with Plaintiff's challenges to IRS's withholdings, if any, and any other remaining issues.

## THIRD CLAIM FOR RELIEF
### Costs And Fees – Injunctive Relief

39. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

40. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

41. This Court should enter an injunction or other appropriate order requiring the Defendants to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

## PRAYER FOR RELIEF

Institute for Energy Research respectfully requests this Court:

1. Assume jurisdiction in this matter, and maintain jurisdiction until the Defendants comply with FOIA and every order of this Court;

2. Declare Defendants have violated FOIA by failing to provide Plaintiff with the requested records, by failing to grant Plaintiff's request for a fee waiver, and/or by failing to notify Plaintiff of final determinations within the statutory time limit;

3. Declare that the documents sought by the request, as described in the foregoing paragraphs, are public records under 5 U.S.C. § 552 *et seq*. and must be disclosed;

4. Order Defendants to expeditiously provide the requested records to Plaintiff within 20 business days of the Court's order and without the assessment of any fees to the Plaintiff;

5. Award Plaintiff's attorneys their fees and other litigation costs reasonably incurred pursuant to 5 U.S.C. § 552(a)(4)(E); and

6. Grant such other relief as this Court deems just and proper.

Respectfully submitted this the 20th day of January, 2023,

INSTITUTE FOR ENERGY RESEARCH
By Counsel:

/s/Matthew D. Hardin
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com